IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JR FRUITTS** and **MARIANNE ZINZER**,<br><br>Plaintiffs,<br><br>v.<br><br>**UNION COUNTY**, et al.,<br><br>Defendants. | Case No. 2:14-cv-0309-SU<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation ("F&R") in this case on January 21, 2015. Dkt. 23. Judge Sullivan recommended that Defendants'[1] motion to dismiss (Dkt. 12) be granted because Plaintiffs' Section 1983[2] claims are barred by the rule articulated in *Heck v. Humphreys*[3] and, even if not barred, fail on the merits because Defendants' alleged conduct does not rise to the level of a violation of substantive due

---

[1] Certain defendants named in the Complaint have not been served or appeared, and Plaintiffs conceded the claims against Jared Boyd. Thus, defendants Union County, Rocky Burgess, Joe Voleck, Steve Wilson, Doug Wright, and Rich Comstock are collectively referred to herein as "Defendants."

[2] 42 U.S.C. § 1983.

[3] 512 U.S. 477 (1994).

PAGE 1 – OPINION AND ORDER

process. Judge Sullivan further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims after dismissing Plaintiffs' Section 1983 claims.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Plaintiffs timely filed an objection (Dkt. 25), to which Defendants responded. Dkt. 27. Plaintiffs object to Judge Sullivan's conclusion that the *Heck* rule bars Plaintiffs' claims and that Plaintiffs' claims fail on the merits if not barred. Plaintiffs also move for a stay of these proceedings pending a related state court criminal appeal. The Court considers these issues *de novo*.

PAGE 2 – OPINION AND ORDER

Plaintiffs did not object to Judge Sullivan's findings and recommendation taking judicial notice of the amended criminal judgment entered against Plaintiff JR Fruitts in state court or the recommendation that the Court decline to accept supplemental jurisdiction of Plaintiffs' state-law claims. These issues are reviewed for clear error. None being found, these portions of the F&R are adopted.

**A.  The Application of the *Heck* Rule and Plaintiffs' Motion to Stay**

"*Heck* bars a § 1983 action *only* if the action's success will *necessarily* imply the invalidity of a state court's judgment." *Thornton v. Brown*, 757 F.3d 834, 845 (9th Cir. 2013) (emphasis in original). "[A] claim does not necessarily imply the invalidity of a conviction or sentence under *Heck* unless its success will inevitably call into question the state court judgment that led to the plaintiff's custody." *Id.* at 843 (quotation marks and citation omitted).

Plaintiffs argue that, contrary to Judge Sullivan's findings, if Plaintiffs were successful on their Section 1983 claim it would not necessarily imply that Mr. Fruitts' criminal conviction for criminally negligent homicide was wrongful. Plaintiffs argue that Mr. Fruitts can be criminally negligent by deviating from the standard of care of a reasonable person by failing to be aware of a risk and causing the death of Mr. John Rysdam, and that Defendants can also be negligent in causing that risk and thereby causing harm to Plaintiffs. In addition, Plaintiffs assert that they mistakenly informed Judge Sullivan that the information regarding the County and its employees' alleged misconduct and negligence was presented to the jury in the underlying state criminal case, a fact that Judge Sullivan expressly relied on in reaching her conclusions (F&R at 17-18), when, in fact, the state court trial judge excluded that evidence *in limine*. Plaintiffs offer with their objections the declaration of Mr. Fruitts' criminal defense attorney, Robert Moon, attesting to this fact. Defendants respond that the Court should not consider this new evidence.

PAGE 3 – OPINION AND ORDER

Plaintiffs also seek a stay of these proceedings until the state court of appeals addresses Mr. Fruitts' allegations of error by the trial court, including precluding the evidence of the alleged misconduct by Defendants. Plaintiffs note that if Mr. Fruitts' criminal conviction is reversed on appeal then the *Heck* rule will no longer be applicable, but the statute of limitations will have run on Plaintiffs' Section 1983 claim. Defendants object to the motion to stay as untimely and waived.

The Magistrate's Act permits a court to "receive further evidence" at its discretion. 28 U.S.C. § 636(b)(1); *see also United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (concluding that a district court "has discretion, but is not required" to consider new evidence). Here, the Court exercises its discretion to consider the new evidence because Plaintiffs provided Judge Sullivan with mistaken information and seek to rectify that mistake.

The Court concludes, however, that it need not reach the issue of whether Plaintiffs' Section 1983 claim is barred by the *Heck* rule because even assuming it is not, Plaintiffs' Section 1983 claim fails on the merits, as found by Judge Sullivan. Thus, the Court does not adopt the portion of the F&R finding that Plaintiffs' claims are barred by *Heck* and Plaintiffs' motion to stay is denied as moot.

B.  **Consideration Plaintiffs' Section 1983 Claim on the Merits**

The Court considers the merits of Plaintiffs' Section 1983 claims *de novo*. Plaintiffs allege a Section 1983 claim against the individually-named employees based on an alleged violation of substantive due process and a *Monell*[4] claim against Union County. The Court has reviewed the parties' briefs filed before Judge Sullivan, the F&R, Plaintiffs' objections, and

---

[4] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

PAGE 4 – OPINION AND ORDER

Defendants' response. The Court agrees with the reasoning of Judge Sullivan and adopts Section II.B, as supplemented herein.

### 1. Plaintiffs' Section 1983 claim against the individual defendants

The U.S. Supreme Court has found that, in the context of loss of life caused by a high-speed police chase, there may be a potentially articulable substantive due process claim for deliberate indifference to the survival of persons using the roadway, which is equivalent to one of reckless disregard for life. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998). The Supreme Court further found, however, that in order to support such a claim the alleged conduct must be so "brutal" and "offensive" that it "shocks the conscience." *Id.* at 847. The Supreme Court thus concluded that "[r]egardless [of] whether [the police officer's] behavior offended the reasonableness held up by tort law or the balance struck in law enforcement's own codes of sound practice, it does not shock the conscience, and petitioners are not called upon to answer for it under § 1983." *Id.* at 855. Further, there must be the requisite level of intent. For cases in which there is no time for deliberation, the government agent must act with a purpose to harm. *Id.* at 856. For cases where there is time for deliberation, the standard is "deliberate indifference." *Id.* at 851.

Here, as noted by Judge Sullivan, Plaintiffs' specific claim of substantive due process is unclear. Based on Plaintiffs' reliance on *Lewis* in their objections to the F&R, it appears Plaintiffs are attempting to assert a substantive due process claim for deliberate indifference to the survival of persons such as Mr. Fruitts who used the road.[5] For the reasons thoroughly given

---

[5] As noted by Judge Sullivan, it is not clear that there is a general constitutional right to be safe on the road and the cases relied on by Plaintiffs involve the estates or families of persons who lost their lives on the road, allegedly as a result of official conduct. Here, Mr. Fruitts did not lose his life and alleges harm in the destruction of Ms. Zinzer's truck and Mr. Fruitts' trauma at witnessing a man die. The Court is skeptical that such harm rises to the level of a constitutional deprivation. For purposes of this motion only, however, the Court follows Judge Sullivan's

PAGE 5 – OPINION AND ORDER

by Judge Sullivan and adopted by this Court, Plaintiffs' allegations do not satisfy the deliberate indifference standard and Plaintiffs fail adequately to allege a constitutional deprivation.

### 2. Plaintiffs' *Monell* claims against Union County

Plaintiffs also allege a Section 1983 claim against Union County under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "A municipality is subject to suit under § 1983 only 'if it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096-97 (9th Cir. 2013) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)). Under narrow circumstances, a municipality's failure to train its employees may be considered a policy or custom. "Only where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city policy or custom under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Where deliberate indifference is proved, "failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." *Id.* at 390 (emphasis added). The U.S. Supreme Court has noted that "a pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference." *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011) (quotation marks omitted).

Thus, to sustain a *Monell* claim, there must be an underlying constitutional tort committed against the plaintiff. *See Monell*, 436 U.S. at 691 (concluding "that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some

---

assumption that Mr. Fruitts' claim of a constitutional right to be "safe on the road," absent a loss of life or his property, is sufficient to trigger due process protection.

PAGE 6 – OPINION AND ORDER

nature *caused a constitutional tort*") (emphasis added)*; Glenn v. Washington Cnty.*, 673 F.3d 864, 880 (9th Cir. 2011) ("'Pursuant to 42 U.S.C. § 1983, a local government may be liable for *constitutional torts committed by its officials* according to municipal policy, practice, or custom.'" (emphasis added) (quoting *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000))); *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (noting that when failure-to-train liability is alleged, "a plaintiff must show that his or her *constitutional injury* would have been avoided had the governmental entity properly trained its employees" (emphasis added) (quotation marks omitted)). Here, as discussed above and in the F&R, Plaintiffs do not sufficiently allege that they suffered a constitutional tort. Thus, Plaintiffs' claims against Union County must also fail.[6]

## C. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Leave is not, however, "to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Courts are to consider "the following five factors to assess whether to grant leave to amend: '(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended

---

[6] The F&R states that "municipal liability may attach in the absence of an underlying constitutional violation by an individual state actor in stances where the failure to train amounts to deliberate indifference to the rights of the person with whom the state actor comes into contact." This statement is somewhat confusing. To clarify, although a municipality may be held independently liable for failure to train even if no individual state actor is named in the lawsuit or even if the individually-named state actors are exonerated, *Monell* liability (and Section 1983) still requires an underlying constitutional deprivation. *See Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002) (finding that there was sufficient evidence in the record from which the jury could have determined that the city caused a constitutional deprivation even though the jury exonerated the individual state actors); *see also Monell*, 436 U.S. at 691; *Glenn*, 673 F.3d at 880; *Lee*, 250 F.3d at 681; 42 U.S.C. § 1983.

PAGE 7 – OPINION AND ORDER

his complaint.'" *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Here, although the Court is skeptical that Plaintiffs can allege a constitutional deprivation, the Court does not find that amendment would necessarily be futile. The remaining four factors the Court considers in evaluating whether to grant leave to amend also do not apply. Thus, Plaintiffs have 14 days from the date of this Opinion and Order to file an amended complaint. If Plaintiffs choose to file an amended complaint, they must allege facts sufficient to plausibly infer that Defendants acted with "deliberate indifference" and engaged in conduct that "shocks the conscience." If Plaintiffs do not file an amended complaint, Plaintiffs' Section 1983 claims shall be dismissed with prejudice and Plaintiffs' state-law claims shall be dismissed without prejudice and with leave to refile in state court.

## CONCLUSION

As supplemented herein, the Court ADOPTS IN PART the F&R (dkt. 23). The F&R is adopted, except for Section II.A discussing the application of the *Heck* rule. Defendants' motion to dismiss (Dkt. 12) is GRANTED. Plaintiffs' motion to stay (Dkt. 25) is DENIED AS MOOT. Plaintiffs may file an amended complaint on or before March 18, 2015.

**IT IS SO ORDERED**.

DATED this 4th day of March, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 8 – OPINION AND ORDER