IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JR FRUITTS** and **MARIANNE ZINZER**,

    Plaintiffs,

    v.

**UNION COUNTY**, et al.,

    Defendants.

Case No. 2:14-cv-0309-SU

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation ("F&R") in this case on August 17, 2015. Dkt. 40. Judge Sullivan recommended that Defendants' motion to dismiss (Dkt. 31) be granted because Plaintiffs fail to state a claim under 42 U.S.C. § 1983. Judge Sullivan further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state-law negligence claim after dismissing Plaintiffs' Section 1983 claims.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the

PAGE 1 – OPINION AND ORDER

court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

No party filed objections to the F&R. The Court has reviewed the F&R and the underlying briefing and ADOPTS the F&R, except the Court clarifies that it finds only that under the circumstances of this case, no constitutional right to intrastate travel is implicated. The Court does not reach whether a constitutional right to intrastate travel exists.

## CONCLUSION

The Court ADOPTS the F&R (Dkt. 40), as clarified herein. Defendants' motion to dismiss (Dkt. 31) is GRANTED. Plaintiffs' claims under Section 1983 are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiffs' negligence claim under state law. That claim is dismissed without prejudice. Under 28 U.S.C. § 1367(d), the statute of limitations on Plaintiffs' state law negligence claim is tolled while the claim is pending

and until thirty (30) days after the filing of this Order of dismissal, thus allowing Plaintiffs time to file a new action in state court, if they choose, without a lapse of their rights.

**IT IS SO ORDERED**.

DATED this 8th day of September, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge